UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE SHIRRIEL,

    Petitioner,

v.

BLOOMFIELD, Warden,

    Respondent.

Case No. 21-02591 EJD (PR)

**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**

(Docket No. 3)

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole based on an unconstitutional disciplinary hearing. Dkt. No. 1. Petitioner has paid the filing fee. Dkt. No. 8. He has also filed a motion for appointment of counsel. Dkt. No. 3.

**DISCUSSION**

**I.**   **Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## II.     Legal Claims

According to the attached papers, Petitioner was issued a Rules Violation Report ("RVR") on May 7, 2019, charging him with "forgery of an official document which could affect term." Dkt. No. 1 at 30. Specifically, the RVR alleged that Petitioner falsified a state document and forged staff signatures at his inmate work assignment. Id. At a hearing on May 22, 2019, Petitioner was found guilty of a lesser included charge, "forgery of record not affecting an inmates term." Id. at 38. Petitioner was assessed 60 days loss of credit. Id. at 39. In the instant petition, Petitioner claims that he was denied potentially exculpatory evidence, i.e., a videotape and other documents, at the disciplinary hearing for the RVR which resulted in a guilty finding. Dkt. No. 1 at 4. He claims that this negative RVR was the only basis for being found unsuitable for parole at his most recent parole suitability hearing on January 28, 2020. Id.

### A.     Denial of Parole

To the extent that Petitioner is challenging the denial of parole, he fails to state a claim. In Swarthout v. Cooke, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, its earlier cases had "held that the procedures required are minimal." The Court earlier had "found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 220 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979)). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. See Cooke, 562 U.S. at 220; see Miller v. Or. Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a

2

prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"). Here, Petitioner makes no allegation that he was denied an opportunity to be heard or a statement of the reasons why parole was denied. The fact that he provides a copy of the parole hearing transcript with this petition indicates that no such procedural violations occurred. Dkt. No. 1-1. Accordingly, Petitioner fails to establish a procedural due process claim based on the denial of parole.

### B.     Challenge to RVR

Petitioner also attempts to challenge the RVR that resulted in the loss of credits. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court established five procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570. Petitioner's claim that he was denied the right to access and present evidence, liberally construed, states a violation of one of Wolff'd procedural protections. Id. at 566.

However, the information contained in the supporting documents to the petition

3

indicates that habeas jurisdiction is lacking. A challenge to a disciplinary finding that resulted in the assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." See Skinner v. Switzer, 562 U.S. 521, 525 (2011). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 562 U.S. at 533-34 (quoting Wilkinson, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2014) (citing Preiser, 411 U.S. at 500).

Although the disciplinary hearing decision indicates that Petitioner was assessed 60 days loss of credits, Dkt. No. 1 at 39, the state superior court denied his state petition because it found that those credits were later restored. Dkt. No. 1 at 69-70. Therefore, even if Petitioner were to succeed in challenging the RVR in this action, it would not "necessarily spell speedier release" for him. See Skinner, 562 U.S. at 525. Furthermore, habeas is not the proper remedy to challenge a disciplinary finding where reversal of the finding would not necessarily lead to a grant of parole (and consequently speedier release), because many factors are considered in decision whether to grant parole and parole could still be denied if the disciplinary finding was reversed. See Nettles, 830 F.3d at 934-35 (Board of Parole Hearings also noted prisoner's inability to learn from prior imprisonments, his lack of insight and remorse, his stubborn attitude, a psychological report and the heinous nature of the crime). Accordingly, Petitioner's RVR claim must be dismissed for lack of habeas jurisdiction.

### C. Civil Rights Action

Although a district court may construe a habeas petition by a prisoner attacking the

4

conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form. Accordingly, this habeas action will be dismissed without prejudice to Petitioner filing a separate § 1983 action, if he so desires.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form. See 42 U.S.C. § 1997e(a).

Petitioner's motion to appoint counsel is DENIED as moot by the dismissal of this action. Dkt. No. 3.

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order along with an IFP application.

This order terminates Docket No. 3.

///

**IT IS SO ORDERED.**

Dated: __8/13/2021__           _____
                               EDWARD J. DAVILA
                               United States District Judge

Order of Dismissal; Deny Appt of Counsel
PRO-SE\EJD\HC.21\02591Shirriel_dism(hc-cr)&atty

6